

FILED

DEC - 2 2016

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 10-113-BLG-SPW |
| Plaintiff/Respondent, | CV 16-084-BLG-SPW |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| HENRY JOE GONZALES, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Henry Joe

Gonzales' motion to vacate, set aside, or correct his sentence, pursuant to 28

U.S.C. § 2255. Gonzales is a federal prisoner proceeding pro se.

On June 20, 2016, Gonzales was given an opportunity to clarify one of his

claims by identifying the facts or issues he claimed counsel should have raised.

Order (Doc. 97) at 1. Gonzales responded on July 5, 2016. Resp. to Order (Doc.

98) at 1-2.

**I. Preliminary Review**

The motion is subject to preliminary review before the United States is

required to respond. The Court must determine whether "the motion and the files

and records of the case conclusively show that the prisoner is entitled to no relief."

28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255

1

Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Gonzales pled guilty to conspiring to possess 500 grams or more of a substance containing methamphetamine with intent to distribute it, a violation of 21 U.S.C. §§ 846 and 841(a)(1). Superseding Indictment (Doc. 67) at 2-3; Plea Agreement (Doc. 83) at 2 ¶ 2 para. 1. Because Gonzales had previously been convicted of a felony drug crime, he was subject to a mandatory minimum sentence of 20 years and a maximum sentence of life in prison. *See* Information (Doc. 82) at 2; 21 U.S.C. §§ 841(b)(1)(A) & (viii); 851(a).

A presentence report was prepared. Gonzales was held responsible for 1.5 to 5 kilograms of methamphetamine, corresponding to a base offense level at that time of 34. He received a three-level reduction for acceptance of responsibility but

was designated a career offender based on his prior convictions. His total adjusted

offense level was 34. Presentence Report ¶¶ 62-71. With a criminal history

category of VI, his advisory guideline range was 262 to 327 months. Presentence

Report ¶¶ 81-82, 119. The parties, however, jointly recommended a sentence of

240 months, the statutory mandatory minimum. Gonzales was sentenced to serve

240 months, to be followed by a ten-year term of supervised release. *See*

Judgment (Doc. 92) at 2-3; Statement of Reasons (Doc. 93) at 4 ¶ VIII.

Gonzales did not appeal. His conviction became final on April 12, 2012.

*Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2013).

On June 26, 2015, the United States Supreme Court held that it is

unconstitutional to enhance a defendant's sentence based on the vague residual

clause of 18 U.S.C. § 924(e)(2)(B). *See Johnson v. United States*, __ U.S. __, 135

S. Ct. 2551, 2563 (2015). The Court later held its decision in *Johnson* applied

retroactively to persons whose convictions became final before *Johnson* was

issued. *See Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016).

In addition, Gonzales received a letter from the Department of Justice

regarding potential misconduct by the prosecutor who handled his case. *See* Mot.

§ 2255 (Doc. 95) at 8.

### III. Claims and Analysis

Gonzales seeks relief under *Johnson*. Mot. § 2255 (Doc. 95) at 4 Ground

3

One. He also contends that trial counsel "raised no issues . . . to prove [Gonzales']

innocence" and failed to explain that Gonzales had a right to have a jury determine

whether prior felonies should increase his sentence. *Id.* at 5 Ground Two. Finally,

Gonzales alleges that the prosecutor violated the rule of *Giglio v. United States*,

405 U.S. 150, 153-55 (1972), by "not telling" defense counsel "about cooperating

witnesses." Mot. § 2255 at 6 Ground Three.

All of Gonzales' claims lack merit. His career offender enhancement was

based on two prior drug felony convictions, *see* Presentence Report ¶¶ 74, 77, 82,

and prior drug convictions are not affected by the new rule of *Johnson*, *see, e.g.*,

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). Gonzales contends

that counsel failed to challenge statements made against him by his co-defendants

Hernandez and Yellowhawk, *see* Resp. to Order (Doc. 99) at 1-2, but neither co-

defendant provided any statements that were used against Gonzales, *see* Offer of

Proof (Doc. 84) at 4-6; Presentence Report ¶¶ 16-50. Defense counsel did not err

by failing to tell Gonzales a jury must decide whether his prior convictions would

count against him because a jury does not decide that issue. *See, e.g., Alleyne v.*

*United States*, __ U.S. __, 133 S. Ct. 2151, 2160 n.1 (2013); *Apprendi v. New*

*Jersey*, 530 U.S. 466, 488-90 (2000); *Almendarez-Torres v. United States*, 523

U.S. 224, 243 (1998). The prosecution is not required to "tell" defense counsel

"about cooperating witnesses" unless and until a cooperating witness testifies at

trial. 18 U.S.C. § 3500(b). Since Gonzales pled guilty, the prosecution was not required to tell defense counsel about cooperating witnesses.

All of Gonzales' claims are denied for lack of merit.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Gonzales' claims meets even the relatively low threshold required for a COA. His career offender designation was based on prior felony drug convictions, not crimes of violence. He had no right to have a jury decide whether he was a career offender or whether his prior convictions counted against him. Nothing his co-defendants might have said about him was used to establish his guilt. The prosecution has no duty to alert defense counsel to a witness's cooperation unless there is a trial. Reasonable jurists would not encourage further

5

proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Gonzales' motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 95, 99) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Gonzales files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-84-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Gonzales.

DATED this 2nd day of December, 2016.

Susan P. Watters
United States District Court